## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

Joel Wayne Allen,

        Plaintiff,

v.

State of Oklahoma;
City of Coweta;
Federal Bureau of Investigation;
Rudy Briggs, Chief of Police; and
Lynette Lee, of the Oklahoma State Bureau of
Investigation;

        Defendants.

Case No. CIV-12-080-RAW

## <u>ORDER</u>

Before the court are the motion to dismiss filed by the City of Coweta (hereinafter "the City") [Docket No. 18] and the motion to dismiss filed by the State of Oklahoma (hereinafter "the State") and Lynette Lee [Docket No. 28]. Also before the court are Plaintiff's motions to amend, "motion for injunction or something to cease retaliation" and "motion for immediate intervention & or injunctive relief or maybe issue a stay or something to stop miscarriage of justice" [Docket Nos. 22, 26, 29 and 40].

For the reasons delineated below, the motions to dismiss are hereby GRANTED. Additionally, the court *sua sponte* dismisses this action against the Federal Bureau of Investigation (hereinafter "FBI") and Rudy Briggs. Plaintiff's motions to amend are hereby DENIED. Plaintiff's "motion for injunction or something to cease retaliation" and "motion for immediate intervention & or injunctive relief or maybe issue a stay or something to stop miscarriage of justice" are hereby DENIED.

## BACKGROUND

Plaintiff filed his Complaint on February 21, 2012, along with his motion for leave to proceed *in forma pauperis* (hereinafter "IFP"). The court granted Plaintiff's IFP motion on February 29, 2012. On March 15 and 16, 2012, Plaintiff moved to supplement his Complaint and for appointment of counsel. The court granted his motion to supplement the Complaint and denied his motion for counsel.[1] Defendants have pointed out that Plaintiff never filed a supplement to his Complaint following the court's Order allowing him to supplement. It appears to the court that Plaintiff intended to supplement his Complaint with the attachments to his March 15, 2012 motion. Accordingly, the court considers those attachments as supplements to the Complaint.

## THE COMPLAINT

The court liberally construes each of Plaintiff's *pro se* filings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, the court may not assume the role of advocate or attorney for him. Id. The court's broad reading of Plaintiff's Complaint, does not relieve him of "the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

On his "Civil Cover Sheet," under the section "Cause of Action," Plaintiff states that his action is for "wrongful conviction," "motion to vacate," "civil rights violations etc.," "due process etc. denied," and "many C.R.'s violations - etc." He seems to be requesting that the criminal judgment against him be vacated and that the record be expunged.

---

[1] The court also *sua sponte* dismissed Judge Lyle Burris and the Wagoner County District Court, as they are entitled to absolute judicial immunity.

Plaintiff's Complaint alleges violations based upon his conviction following a jury trial in the Wagoner County District Court in 1990. Plaintiff states that he is still on supervised probation and that his damages are accruing daily. Although Plaintiff names seven Defendants in the Complaint, all of his allegations are directed at Judge Lyle Burris and based on alleged erroneous jury instructions.

Plaintiff submitted supplements to his Complaint consisting of the Trial Brief and a Motion to Supplement Record on Appeal[2] filed by his attorney on April 7, 1993 and April 19, 1993, respectively, in the appeal of his conviction before the Court of Criminal Appeals of the State of Oklahoma. In the appellate Trial Brief, Plaintiff's attorney listed ten propositions. Next to all but three of the ten propositions, Plaintiff has handwritten notes, listing Judge Lyle Burris and the Wagoner County District Court as the intended Defendants. The court has already dismissed those Defendants, so will move on.

Propositions four and five are allegations that the trial court failed to provide a not guilty verdict form, instructed on a charge that was not being tried, and restricted Plaintiff's right to present his defense. Proposition four also alleges prosecutorial misconduct. Next to these, Plaintiff writes, "state admitted to no guilty verdict forms." Proposition seven alleges that the admission of mathematical probability testimony on the ultimate issue of perpetrator liability was reversible error. Plaintiff notes that his intended Defendants on these claims are Dwight Adams, an individual who has not been named as a Defendant in this case, and the FBI.

_____

[2]The Motion to Supplement Record on Appeal lists: (1) State's Exhibits 3 through 11, and (2) Defendant's Exhibits 1 through 4 and 8 through 14. Handwritten on the motion is: "send me a copy back in your next letter no hurry." As noted above, the court does not assume the role of advocate or attorney for Plaintiff. If Plaintiff wished the court to consider those documents, he would need to submit them to the court. Nevertheless, those records are not necessary for the court's evaluation of his claims.

Additionally, throughout the Trial Brief, Plaintiff inserts written notes, seemingly alleging that various Defendants are at fault. Much of Plaintiff's notes are unclear. At one point, Plaintiff seems to allege that the jury was "very ineffective" and that they "didn't know D.N.A. from applesauce." It is clear, however, that Plaintiff is attempting to state a claim for wrongful conviction. It seems that he is also attempting to state a claim for denial of due process and other civil rights violations.

## ANALYSIS

For purposes of the motions to dismiss, the court accepts as true all of the factual allegations in Plaintiff's Complaint and construes those facts in the light most favorable to Plaintiff. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008). Nevertheless, to survive the motions to dismiss, Plaintiff must have pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must nudge his "claims across the line from conceivable to plausible." Id. The Twombly court is critical of complaints that do not mention a specific time, place or person. Id. at 565 n. 10.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed

out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the Complaint would fail to provide fair notice and to present a plausible right to relief.

Additionally, this court may *sua sponte* dismiss an action pursuant to 28 U.S.C. § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Zapata v. Public Defenders Office, 252 Fed.Appx. 237, 238-39 (10th Cir. 2007) (quoting Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 920 (2007)). The Tenth Circuit has also held "that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts. Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001) (citation omitted).


**Wrongful Conviction**

Plaintiff attempts to state a claim for wrongful prosecution and conviction. Even liberally construing Plaintiff's Complaint, the court does not believe that Plaintiff has stated such a claim. The court need not delve into that matter, however, as any claim for wrongful conviction at this time by Plaintiff is not cognizable, as his conviction still stands. As Defendants argue, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

"A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id. Plaintiff's conviction has not been so invalidated. Accordingly, his claim for wrongful conviction is not cognizable, and amendment would be futile. For this reason, Plaintiff's wrongful conviction claims are DISMISSED as against all Defendants.

**Other § 1983 Claims**

Liberally construing his Complaint, Plaintiff has failed to state any other § 1983 claims. Plaintiff mentions due process and civil rights violations, but his Complaint is unclear and certainly does not set out exactly *who* is alleged to have done *what* to *whom*. Moreover, even if he had stated such a claim, the statute of limitations would most likely have lapsed.[3]

It is clear that amendment would be futile. Accordingly, to the extent Plaintiff has attempted to state any other § 1983 claims, those claims are DISMISSED as against all

---

[3]"The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose, . . . , and in Oklahoma, that period is two years." McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011) (citations omitted). "Federal law governs when the action accrues." Id. Given that Plaintiff has not stated any particular claim, the court cannot be certain when any of his possible claims might have accrued. The conviction of which he complains, however, occurred in 1990. The statute of limitations has surely long since lapsed on violations that allegedly occurred twenty-two years ago.

Defendants.

**PLAINTIFF'S MOTIONS**

Also before the court are two motion to amend Plaintiff's Complaint. Because the amendments Plaintiff requests would not change the outcome, i.e. dismissal of this action, the court DENIES those motions. The court notes that in the first motion, Plaintiff requests the court allow him to re-characterize his Complaint as a habeas corpus motion. The statute of limitations for Plaintiff's filing of a habeas corpus motion has long since passed. Plaintiff's motions for injunction and/or intervention are also DENIED.

**CONCLUSION**

The motions to dismiss [Docket Nos. 18 and 28] are hereby GRANTED. Additionally, the court *sua sponte* dismisses this action against the FBI and Rudy Briggs. Plaintiff's motions [Docket Nos. 22, 26, 29 and 40] are hereby DENIED.

IT IS SO ORDERED this 28th day of June, 2012.

**Dated this 28th day of June, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma